No. 05-092

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 114N

JIM BURNS and JAN BURNS, Husband and Wife,
          Plaintiffs and Appellants,

          v.

DAVID C. MACKINDER and PATRICIA J. MACKINDER,
Husband and Wife, KEITH E. NEAL and SHARON NEAL,
Husband and Wife
          Defendants, Respondents and
                    Cross-Appellants,

          and

PARK COUNTY, a Political Subdivision of
the State of Montana,
          Defendant and Respondent.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DV 2001-85
                Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

          For Appellant:

                Stephen C. Pohl, Attorney at Law, Bozeman, Montana


          For Respondents:

                Michael J. Lilly; Berg, Lilly & Tollefsen, Bozeman, Montana
                (on behalf of Keith and Sharon Neal)

                J. Devlan Geddes; Goetz, Gallik & Baldwin, Bozeman, Montana
                (on behalf of David and Patricia Mackinder)

                Dee Ann G. Cooney; Utick & Grosfield, Helena, Montana
                (on behalf of Park County)

                                    Submitted on Briefs:  February 14, 2006
                                             Decided:   May 23, 2006

Filed:

          _____
                              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Following a dispute over the status of the Hyalite Creek Road located in Park County, the District Court for the Sixth Judicial District, Park County, entered an Order declaring it to be "a county road." Jim and Jan Burns, husband and wife, appeal. David and Patricia Mackinder, husband and wife, and Keith and Sharon Neal, husband and wife, cross-appeal. We affirm.

¶3     The Burnses, Neals, and Mackinders all own land in Park County which is accessed by a dirt and gravel road known as Hyalite Creek Road. This road begins at a junction with Big Creek Road, from which point it runs generally in a northerly direction, eventually crossing the Burnses' land, then the Neals' land, and then the Mackinders' land.

¶4     In August of 2001, the Burnses filed their Complaint, naming the Mackinders, the Neals, and Park County as defendants. With this Complaint, the Burnses sought a declaratory judgment stating that

> the Hyalite Creek Road where it crosses Plaintiffs' real property is a private road owned by Plaintiffs and that the Defendants and the public have no easement or right-of-way on the Hyalite Creek Road across Plaintiffs' real property, or that, in the event an easement does exist across Plaintiffs' real

2

property, that use of the easement is limited to the historical intent and purpose of the easement at the time it was created or granted.

The Burnses also sought an order "enjoining the Defendants and the public from trespassing on the Hyalite Creek Road and Plaintiffs' real property, and further enjoining the Defendants from removing gates placed by Plaintiffs across the subject road." Further, the Complaint contained a conversion claim against Park County. In support of this claim, the Burnses alleged that the County had taken a gate from them—a gate which had previously been installed on their property over the Hyalite Creek Road. Finally, the Complaint contained a negligent misrepresentation claim against Park County. In support of this claim, the Burnses alleged that Park County had conveyed incorrect information to them and the Mackinders regarding the status of Hyalite Creek Road.

¶5 In March of 2002, the District Court orally ordered Park County to return the gate which it had removed from the Burnses' property. Consequently, the court granted Park County's request to dismiss the Burnses' conversion claim. In September of 2003, the District Court dismissed the Burnses' negligent misrepresentation claim after granting summary judgment on that claim in favor of Park County.

¶6 In May of 2004, the District Court held the trial without a jury. Subsequently, in August of 2004, the court rendered its Findings of Fact, Conclusions of Law, and Order. In doing so, the court presented a detailed history regarding Hyalite Creek Road and the surrounding properties. Ultimately, the court concluded:

4. Plaintiffs are not entitled to a declaration that the Hyalite Creek Road is not a county road. Defendants are entitled to a declaration that the Hyalite Creek Road is a county road.

3

5. Because the Court has determined this road to be a County Road, the remaining contentions regarding prescriptive easements, easements by necessity, easement by implication, laches, waiver and estoppel are moot.

The court also stated that the Defendants may be entitled to an award of reasonable attorney fees, citing *Trustees of Indiana University v. Buxbaum*, 2003 MT 97, ¶ 42, 315 Mont. 210, ¶ 42, 69 P.3d 663, ¶ 42. Accordingly, the court ordered the Defendants to file affidavits and briefs supporting their claim that an award of attorney fees was necessary and proper.

¶7 Subsequently, the court entered an Order wherein it declined to award attorney fees to the Defendants. After observing that all the parties "were benefited by having this road adjudicated," the court stated:

> In this case, the Plaintiffs believed, not without some basis in fact, that the road was not public beyond their south boundary. On the other hand, the Defendants, not without good basis in fact, believed they had the right to travel this public road all the way to their properties. Prior to filing the action, Plaintiffs were told to open the road under threat of criminal action. It was not arbitrary or capricious for the Plaintiffs to view the road as private.
>
> An award of attorney fees as requested by Defendants under these circumstances would put an unwarranted chill on the filing of such actions by other private party litigants. Where all parties benefit from a determination of rights and where no party is proceeding heedless of facts or legal rights, an award of attorney fees is not necessary or proper.

¶8 Finally, the court entered an award of $6,303.90 in costs against the Burnses and in favor of the Neals and the Mackinders. The court denied an award of costs to Park County for its failure to file in a timely manner.

¶9 On appeal, the Burnses argue that the District Court erred in: (1) concluding that Hyalite Creek Road is a county road; (2) failing to conclude that a prescriptive easement does not exist in favor of the Mackinders, the Neals, or the public; and (3) granting summary

4

judgment in favor of Park County as to the Burnses' negligent misrepresentation claim. In their cross-appeals, both the Neals and the Mackinders argue that the District Court erred in concluding that they were not entitled to an award of reasonable attorney fees.

¶10  We conclude that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶11  Given this Court's limited resources, and the hundreds of parties awaiting resolution of meritorious appeals, we will not render a full written analysis explaining the shortcomings in the instant appellate arguments challenging the District Court's decisions.

¶12  It is manifest on the face of the briefs and the record before us that the Burnses' appeal is without merit. It is equally clear that the Mackinders' and the Neals' cross-appeals are without merit. The District Court did not abuse its discretion at any point, its findings of fact are not clearly erroneous, and it did not err in applying the law to the facts in this case.

¶13  Affirmed.

/S/ JAMES C. NELSON

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS